# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| LISA L. CALLOWAY, | } | Case No. 08-40419-JJR-13 |
| | } | |
| Debtor. | } | |

| | | |
|---|---|---|
| CHASE HOME FINANCE, LLC, | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | Adv. P. No. 09-40107-JJR |
| | } | |
| LISA L. CALLOWAY and LINDA B. GORE, | } | |
| Trustee, | } | |
| | } | |
| Defendants. | } | |

## SUPPLEMENTAL OPINION

In a Memorandum Opinion entered May 10, 2010 in this adversary proceeding, 429 B.R. 802 (Bankr. N.D. Ala. 2010) (the "First Opinion"), the Court found that Chase's Security Deed, although recorded in the public records, was defective due to omissions, and insufficient to provide constructive notice of Chase's lien claimed against the Improved Parcel. Accordingly, the Court concluded that the recordation of the Security Deed did not protect Chase from the Trustee's strong-arm powers under Section 544(a)(3) with respect to the Improved Property, and the Trustee's motion for summary judgment was granted, but only in part.[1] Although the Security Deed failed to provide construction notice of Chase's lien on the Improved Parcel, there was no evidence for the Court to determine whether a prospective purchaser of the Improved Parcel would have been put on notice of Chase's interest if he had made a physical inspection of the Improved Parcel on the petition date.

---

[1]Terms defined in the First Opinion shall have the same meanings herein unless the context indicates otherwise.

The parties have now submitted briefs (AP Docs. 63, 64) with respect to the remaining issue, and Chase has offered the Affidavit of Nicholas J. Schwegel (Doc. 61 and herein, the Schwegel Affidavit) as evidence of what an inspection of the Improved Parcel would have revealed. The parties have submitted the remaining issue to the Court for a final order, and stated that no additional evidence will be submitted beyond that contained in the Schwegel Affidavit.

Based on these final submissions, the Court must determine what the Trustee, standing in the shoes of a hypothetical bona fide purchaser, would have discovered had she made a physical inspection of the Improved Parcel on the petition date—March 4, 2008—and in particular would such an inspection have put her on notice of Chase's interest, or at least prompted her to make a further inquiry that ultimately would have led to such notice.

According to the Schwegel Affidavit, on January 22, 2008 Chase's agent found the Improved Parcel vacant, and he placed notices in two of the front windows of residence (the "Residence") located on the Improved Parcel. The Court assumes those notices remained in the windows on the petition date and the Residence remained vacant. Rather than attempting to describe in detail the content of the notices, the Schwegel Affidavit along with copies of the notices are included in an addendum to this Supplementary Opinion.

Generally, the notices advised that the Residence had been "winterized" and contained warnings of what should not be done with respect to the plumbing and fixtures to avoid damage. The notices provided a telephone number to call "[i]f you need to report a problem" or "if maintenance is needed," and one notice listed an email address: property.preservation@jpmchase.com. Other than learning the residence had been winterized, and the phone number to call, or email address to contact for maintenance, someone reading the notices

2

would have been informed that at least one of the notices had been posted by "Mortgage Contracting Services" and that the winterization had been performed "pursuant to a work order issued by your mortgage company." Chase was not mentioned in the notices other than having its name buried within the email address.

In their supplemental briefs, the Trustee and Chase both cite *Bacote v. Wyckoff,* 251 Ga. 862, 310 S.E.2d 520 (1984), as did the Court in the First Opinion. In that decision, the Georgia Supreme Court stated that "[p]ossession of land shall constitute notice of the rights or title of the occupant." 251 Ga. at 865, 310 S.E.2d at 524. However, according to the Schwegel Affidavit, the Improved Property was vacant; neither Chase nor anyone else was in visible possession. Nonetheless, citing *Whiten v. Murray,* 267 Ga. App. 417, 421, 599 S.E.2d 346, 350 (2004), Chase argues that under Georgia law, "notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led."

The Court is not persuaded that the notices placed in the Residence's windows by Chase's agent were sufficient to put a potential purchaser on notice that further inquiry was called for, and the Court could find no decisions by the Georgia Supreme Court or Georgia Court of Appeals that would support a contrary finding. It is true that if someone had called the phone number or sent an inquiry to the email address on the notices, he might have eventually learned of Chase's interest. But on their face, the unambiguous purpose of the notices was to alert people entering the property that the Residence had been winterized and certain precautions should be taken; not to inform them that Chase had foreclosed and was the owner, or otherwise had an interest in the Improved Parcel. As stated by the Trustee in her brief, the hypothetical purchaser who is the standard for measuring whether notice was sufficient to impose a duty of further inquiry, is not a lawyer, real estate agent

3

or someone who, because of his training or experience would "read between the lines" of the notices and conclude something was amiss. It is not unusual for houses to be sold when they are vacant, and it is not unusual, even in warm and sunny Georgia, for vacant houses to be winterized.

Accordingly, the Court finds that a physical inspection of the Improved Property on the petition date would have revealed nothing to place the Trustee, as a hypothetical bona fide purchaser, on notice of Chase's claimed-interest in the Improved Parcel, or that would have required her to make a further inquiry. Pursuant to Bankruptcy Code § 544(a)(3) the Trustee is entitle to avoid Chase's interest in the Improved Property, and an Order consistent with this Supplemental Opinion granting the Trustee's Motion for Summary Judgment (AP Doc. 11) with respect to her Counterclaim (AP Doc. 26) will be entered in this adversary proceeding.

Dated: February 1, 2011

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

Case 09-40107-JJR   Doc 65   Filed 02/01/11   Entered 02/01/11 14:14:51   Desc Main
Document      Page 4 of 23

**ADDENDUM TO**
**SUPPLEMENTAL OPINION**

}       **Case No. 08-40419-JJR-13**

}       **Adv. P. No. 09-40107-JJR**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | **BANKRUPTCY CASE NO.** |
| | ) | |
| LISA L. CALLOWAY, | ) | 08-40419-JJR13 |
| | ) | |
| Debtor. | ) | Judge James J. Robinson |
| _____ | ) | |
| | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | |
| LISA L. CALLOWAY and | ) | 09-40107-JRR |
| LISA B. GORE in her capacity as | ) | |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## AFFIDAVIT OF NICHOLAS J. SCHWEGEL

Personally appeared before the undersigned Notary Public who is duly authorized to administer oaths in the State of Florida NICHOLAS J. SCHWEGEL ("Affiant") who, having been duly sworn, deposes and states as follows:

1.

I am of legal age and under no disability, and I make this Affidavit based upon my review of the System Notes (as that term is defined herein below) and authorize its use for any and all purposes allowed by law.

2.

I am employed by JPMorgan Chase, N.A., the parent company of CHASE HOME FINANCE, LLC ("Chase"), named Plaintiff in the above-styled civil action.

3.

My job title is Assistant Vice President and Regional Field Officer. As part of my job, I have complete access to Chase's intranet system which tracks information regarding any and all property in which Chase has a security interest (the "System"). In accordance with Chase's normal business practices, property preservation companies that have been retained by Chase to manage properties that have been foreclosed upon upload information regarding said properties to a website administered by Chase (the "Property Preservation Notes"). The information in the Property Preservation Notes includes, but is not limited to, the dates upon which inspections of the property took place, what actions were taken during such inspections, and whether the property was occupied as of the date of such inspections. The Property Preservation Notes are then automatically uploaded to the System. Additionally, Chase employees routinely enter

information into the System regarding any and all properties in which Chase has a security interest (the "Internal Notes"). (The Property Preservation Notes and the Internal Notes collectively, the "System Notes").

4.

I have reviewed the System Notes regarding the property at issue in the above-referenced civil action and, as such, I have knowledge of the actions taken by Chase and its agents with regard to the subject property.[1]

5.

Based upon my review of the System Notes, I know the following to be true and accurate:

(A)    On December 17, 2007, Chase's agent, a property preservation company ("Chase's Agent"), visited the subject property to complete a property inspection; due to the utilities being on at the time of this inspection the property was categorized as "occupied" and an eviction was scheduled for January 24, 2008;

(B)    On January 22, 2008, Chase's Agent visited the subject property to complete a pre-eviction inspection (the "January 22nd Inspection");

---

[1] As Chase intended for its security interest to include both the Improved Parcel and the Vacant Parcel (as those terms are defined in the Court's Memorandum Opinion entered May 10, 2010), the subject property as referred to herein (and in the System Notes) references both the Improved Parcel and the Vacant Parcel.

(C)     At the time of the January 22nd Inspection, the subject property was categorized as "vacant" at which time, Chase's Agent secured the subject property and the eviction was cancelled;

(D)     During the January 22nd Inspection, Chase's Agent posted a notice on the front window of the house located on the subject property that advised that the property preservation company had winterized the subject property and provided contact information for the property preservation company (the "First Notice");

(E)     During the January 22nd Inspection, Chase's Agent took a photograph of the First Notice. A true and correct copy of a photograph of the First Notice is attached hereto as Exhibit "A";

(F)     The text of the First Notice is substantially similar to the text of the notice regarding winterization that is currently utilized by Chase (the "Winterization Notice"). A true and correct copy of the Winterization Notice is attached hereto as Exhibit "B";

(G)     During the January 22nd Inspection, Chase's Agent posted a second notice on the front window of the house located on the subject property that provided contact information for Chase's Agent in the event that maintenance was required (the "Second Notice");

(H)     During the January 22nd Inspection, Chase's Agent took a photograph of the Second Notice. A true and correct copy of a photograph of the Second Notice is attached hereto as Exhibit "C";

(I)     The text of the Second Notice is substantially similar to the text of the notice regarding maintenance that is currently utilized by Chase (the "Maintenance Notice"). A true and correct copy of the Maintenance Notice is attached hereto as Exhibit "D";

(J)     The Maintenance Notice includes two references to Chase: (1) the email address printed on the Maintenance Notice is "property.preservation@jpmchase.com" and (2) the "Warning" printed on the Maintenance Notice includes the following: "A winterization was performed at the property pursuant to a work order issued by your mortgage company. [...]";

(K)     During the January 22nd Inspection, Chase's Agent took a photograph of the location at which it posted the First Notice and the Second Notice. A true and correct copy of a photograph showing the location at which the First Notice and the Second Notice posted is attached hereto as Exhibit "E"; and

(L)     On or about January 27, 2008, Chase's Agent visited the improved parcel to remove certain debris from the yard and an exterior shed.

FURTHER, Affiant sayeth not.

_____ (Signature)
Nicholas J. Schwegel (Print)
Assistant Vice President and Regional Field Officer (Title)

Sworn to and ascribed before me
this _1st_ day of _December_____, 2010.

_____
NOTARY PUBLIC

My Commission Expires: _August 17, 2013_
                  Nicholas J. Schwegel is personally known to me.

    [Notary Seal]

REBECCA L. HIGGS
MY COMMISSION # DD 909762
EXPIRES: August 17, 2013
Bonded Thru Budget Notary Services

# EXHIBIT A



# EXHIBIT B



# This property has been winterized.
## The water has been turned off to <u>prevent freeze damage</u>!



- Do not turn water on to this property.
- Do not connect electricity to the hot water heater.
- Do not use the sinks or toilets.

If you need to report a problem, contact
MCS
813-387-1100
If you are leaving a message please include the complete address including State
and zip code.

# EXHIBIT C



# EXHIBIT D

# NOTICE
# IN CASE OF EMERGENCY

Please contact us if maintenance is needed

MCS Phone: 1(866) 563-1100
Phone: 1(888) 310-1506
Fax: (614)776-8685
E-mail: property.preservation@jpmchase.com
Mail:
Property Preservation
PO Box 247973 Columbus, OH 43224-7973

Please make sure that you have the correct address
And zip code for this property when contacting us.

Thank you!

**Mortgage Contracting Services**                    **1(866) 563-1100**

This property winterized on: _____

Service performed: _____

Disconnected meter: _____    Blew lines: _____

Drained tank: _____    Replaced Kitchen Trap: _____

**Warning:** A winterization was performed at this property pursuant to a work order
issued by your mortgage company. The sole purpose of a winterization is to prevent
damage from freezing pipes. The Winterization completed at this property was a
system shut-down only; the plumbing system was not tested for damage or leaks.
This Procedure is not a guaranty or warranty of any kind with respect to the HVAC,
plumbing, or any other mechanical systems at this property. The plumbing system
should be de-winterized by a licensed contractor or plumbing before the water is turned
back on, to assure that the system is operational.

Revised 6-5-2009 for Client 144

# EXHIBIT E



# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | **BANKRUPTCY CASE NO.** |
| | ) | |
| LISA L. CALLOWAY, | ) | 08-40419-JJR13 |
| | ) | |
| Debtor. | ) | Judge James J. Robinson |
| —————————————— | ) | |
| | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Adversary Proceeding No.** |
| v. | ) | |
| | ) | 09-40107 |
| LISA L. CALLOWAY and | ) | |
| LINDA B. GORE in her capacity as | ) | |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————— | ) | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing AFFIDAVIT OF

NICHOLAS J. SCHWEGEL has been filed with the Clerk of this Court and, further, that I have

served counsel of record for all other parties in this matter with a copy of this pleading via

electronic mail as follows:

> John W. Jennings, Jr., Esq.
> 111 South 10th Street
> Gadsden, Alabama 35901
> jr6608@bellsouth.net
> *Attorney for Debtor Lisa L. Calloway*
>
> Max C. Pope, Jr., Esq.
> Joy Beth Smith, Esq.
> P.O. Box 2958
> Birmingham, Alabama 35202
> Sandra@maxpopejr.com

*Attorneys for Defendant*
*LINDA B. GORE*
*in her capacity as Chapter 13 Trustee*

Linda B. Gore, Esq.
P.O. Box 1338
Gadsden, Alabama 35902
ch13trustee@bellsouth.net
*Chapter 13 Trustee*

Robert J. Landry, III
1129 Noble Street, Room 117
Anniston, Alabama 36201
Robert_landry@alnba.uscourts.gov
*Bankruptcy Administrator*

This 2ND day of December, 2010.

          */s/ Kent E. Altom*
          Kent E. Altom (ALT007)
          *Attorney for Plaintiff*
          *CHASE HOME FINANCE, LLC*

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
(678) 281-6450 (phone)
(678) 277-4924 (fax)
kea@mccallaraymer.com (email)